IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-01365-RPM

ARCHER W. BISHOP, individually and as successor in interest to
PREFERRED RESORTS INTERNATIONAL, LLC,

        Plaintiff,

v.

IHC REALTY CORPORATION, a Delaware Corporation;
WYNDHAM INTERNATIONAL OPERATING PARTNERSHIP, L.P.,
a Delaware limited partnership;
WYNDHAM INTERNATIONAL, INC.,
a Delaware Corporation f/k/a
PATRIOT AMERICAN HOSPITALITY OPERATING COMPANY; and
IHC/DENVER PARTNERSHIP, L.P., a Delaware limited partnership,

        Defendants.
_____

## ORDER OF REMAND
_____

This civil action was removed from the District Court, County of Arapahoe, State of Colorado, by a notice of removal based on diversity jurisdiction on July 21, 2005. The plaintiff filed a motion to remand, asserting lack of complete diversity because the plaintiff, Archer W. Bishop, is a citizen of Tennessee and a partner of IHC/Denver Partnership, L.P., and, therefore, that partnership is also a citizen of Tennessee. The defendants have filed a motion to dismiss that partnership as a defendant from the action and have resisted the motion to remand on the ground that the partnership was fraudulently joined in the complaint to defeat removal. The defendants assert that no claim for relief has been asserted against the subject partnership. Upon review of the

complaint, it appears that the plaintiff contends that the general partner of the limited partnership breached its fiduciary duties, aided and abetted by and in conspiracy with the other named defendants to the plaintiff's injury and damage and claiming that the plaintiff is entitled to a declaratory judgment that the partnership was dissolved by the sale of the hotel which was its only asset and other remedies including damages.  The partnership has appeared as a party in the answer and motion to dismiss.  The defendants denied the plaintiff's allegation that the partnership was dissolved by the sale of the hotel.

The status of the partnership subsequent to the alleged sale is a matter in dispute and the conduct of the partnership's affairs are issues which may require the partnership itself to be a party.  Because the issue of subject matter jurisdiction over this civil action has been raised by the plaintiff's motion to remand, the Court will not rule on the motion for dismissal of the partnership.  The defendants have failed to show fraudulent joinder of the partnership and therefore the motion to remand should be granted.  The request for an award of fees and costs is not granted because the defendants have made an arguable case for removal.  It is now

ORDERED that this civil action is remanded to the District Court, County of Arapahoe, State of Colorado.

DATED:  October 11, 2005

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge